**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

RECEIVED

2006 AUG -9 P 1: 33

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| STEVE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 2:06cv707-1D |
| MERCHANTS FOODSERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

1.      Plaintiff filed the present action on June 29, 2006, in the Circuit Court

of Chilton County, Alabama (Civil Action No. CV-06-204(B)) against defendants

Merchants   Foodservice,   Don   Suber,   Andy   Mercier,   and   Hal   Henson

("Defendants").  Plaintiff alleges that defendants made false representations and/or

suppressed material facts to induce him to accept a job with defendant Merchants

Foodservice.  Defendant Merchants Foodservice was served with the Complaint on

July 10, 2006.   (A copy of the State Court file is attached as Exhibit 1, and it

contains the Summons and Complaint).  Defendants Suber and Mercier have not

been properly served with the Complaint pursuant to Rule 4(c)(1) of the Alabama

Rules of Civil Procedure, but they received notice of the Complaint after July 10,

2006.[1]  Defendant Henson has not been served with the summons and complaint. (Exhibit 1).

2.    On June 29, 2006, defendant Merchants Foodservice was a citizen of Mississippi because it is incorporated in Mississippi and has its principal place of business in Mississippi.  On June 29, 2006, defendants Don Suber and Andy Mercier were citizens of Mississippi because they both resided in and were domiciled in Mississippi.  On June 29, 2006, defendant Hal Henson was a citizen of Florida because he resided in and was domiciled in Florida.[2]

3.    In his complaint, plaintiff alleges that he has suffered "pecuniary loss, missed employment opportunities, expenses, and mental anguish." (Complaint ¶ 14).  While employed with defendant Merchants Foodservice, his annual salary was approximately $62,500, and he was eligible for up to a 30% annual bonus. (See August 20, 2004 Offer Letter attached as Exhibit 2).  Further, after plaintiff resigned his employment, he made a $250,000 settlement demand on Merchants Foodservice on December 22, 2005.  (See December 22, 2005 Letter attached as Exhibit 3).

4.    Plaintiff's state law claims are removable pursuant to 28 U.S.C. § 1332(a), which allows a defendant or defendants to remove a case to federal court

---

[1] The summons issued to defendants Suber and Mercier indicates that they were served with the Complaint on June 10, 2006. (Exhibit 1).

[2] Defendants Merchants Foodservice, Don Suber and Andy Mercier are currently citizens of Mississippi, and defendant Hal Henson is currently a citizen of Florida.

on the basis of diversity of citizenship when "citizens of different states are involved in the suit and the amount in controversy exceeds $75,000, exclusive of interests and costs." <u>Hogans v. Reynolds</u>, 2005 WL 1514070, *2 (M.D. Ala. June 24, 2005) (<u>citing</u> 28 U.S.C. § 1332(a)(1).

5.     Plaintiff is a citizen of Alabama while defendants Merchants Foodservice, Don Suber, and Andy Mercier are citizens of Mississippi, and Hal Henson is a citizen of Florida.   As a result, there is complete diversity of citizenship.

6.     Plaintiff's unspecified demand for damages is not a bar for removal of this case.  Instead, because there is no specific demand for damages, defendant "must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement." <u>Pensinger v. State Farm Fire & Casualty</u>, 347 F. Supp. 2d 1101, 1006 (M.D. Ala. 2003). Plaintiff's salary was $62,500, with the opportunity for a 30% annual bonus.  As such, should plaintiff receive a judgment comparative to his yearly salary, plus a 30% bonus, his judgment would exceed $75,000.  Further, plaintiff claims that he suffered other pecuniary loss and missed employment opportunities as a result of defendants' conduct, which would exceed $75,000 in damage.  Additionally, plaintiff seeks punitive damages and damages for mental anguish, which often exceed $75,000 in fraud cases.  Finally, plaintiff's counsel values the case at

3

approximately $250,000 based on his settlement demand of December 22, 2005. As such, defendant has presented sufficient evidence to show that the amount in controversy exceeds $75,000.

7.    Because there is diversity of citizenship and because the amount in controversy exceeds $75,000, plaintiff's state law complaint is removable to this Court pursuant to 28 U.S.C. § 1332(a).

8.    In accordance with 28 U.S.C. § 1441, defendant Merchants Foodservice gives Notice of Removal of this action from the Circuit Court of Chilton County, Alabama, to the United States District Court of the Middle District of Alabama, Northern Division.

9.    Pursuant to 28 U.S.C. § 1446(d), defendant Merchants Foodservice has served this Notice of Removal on all parties by U. S. Mail, and defendant is simultaneously filing this Notice with the Clerk of the Circuit Court of Chilton County, Alabama by overnight mail. (A copy of the Notice of Filing of Notice of Removal is attached as Exhibit 4).

10.    This Notice has been filed within 30 days after service of the Complaint on the first served defendant.

11.    All defendants who have been properly served and all defendants with notice of the Complaint join in this Notice of Removal.[3]

---

[3] Defendant Henson has not been served with the Complaint and does not have notice of the Complaint.

Respectfully submitted,


Thomas A. Davis (ASB-5877-S56T)
E-mail: tdavis@constangy.com
Direct Dial No.: (205) 226-5465


J. Tobias Dykes (ASB-0483-E66J)
E-mail: tdykes@constangy.com
Direct Dial No.: (205) 226-5469

CONSTANGY, BROOKS & SMITH, LLC
Suite 900, One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Facsimile:   (205) 323-7674

**Attorneys for Merchants Foodservice**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following counsel of record by placing a copy of the same in the U. S. Mail postage prepaid, addressed as follows:

Derrick Blythe, Esq.
126 Marshall Street
Alexander City, AL 35010

This the 9th day of August, 2006.

J. Tobias Dykes

# EXHIBIT

# 1

State of Alabama
Unified Judicial System

**COVER SHEET**
**CIRCUIT COURT - CIVIL CASE**
(Not For Domestic Relations Cases)

Form ARCivP-93    8/91

Case Number: CV 2006 1204 B

Date of Filing: Month ☐☐ Day ☐☐ Year ☐☐    Judge Code: ☐☐☐☐

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF ___CHILTON___ COUNT

PLAINTIFF Steve Adams

Derrick Blythe

v. DEFENDANT Merchants Food Services, et al

Name of first listed Plaintiff's Attorney ___

Name of Attorney (if known) of first listed Defendant ___

NUMBER OF PARTIES:  PLAINTIFF(s) ☐ ☐    DEFENDANT(s) ☐ ☐

IS ANY PARTY:  An out-of-state resident? ☐YES ☐NO ☐UNKNOWN    An out-of-county resident? ☐YES ☐NO ☑UNKNOW

**NATURE OF SUIT:** In the left hand column of boxes preceding the categories listed below, check the box *(check only one)* that be describes or categorizes the basis or theory of your suit. In the right hand column, check any secondary theories tha are applicable to the suit.

**TORTS**
**PERSONAL INJURY**
- A ☐☐ Bad Faith
- B ☑☐ Fraud
- C ☐☐ Malpractice: Legal
- D ☐☐ Malpractice: Medical
- E ☐☐ Malpractice: Other
- F ☐☐ Products Liability/AEMLD
- G ☐☐ Negligence: General
- H ☐☐ Negligence: Motor Vehicle
- I ☐☐ Other: _____

**TORTS**
**PROPERTY INJURY**
- J ☐☐ Personalty
- K ☐☐ Realty

**CONTRACTS**
- L ☐☐ Collection: Non-Mortgage
- M ☐☐ Mortgage Foreclosure
- N ☐☐ Insurance
- O ☐☐ Pension
- P ☐☑ Employment
- Q ☐☐ Other: _____

- R ☐☐ REAL PROPERTY
- S ☐☐ CIVIL RIGHTS: Prisoner
- T ☐☐ CIVIL RIGHTS: Other
- U ☐☐ WILLS/TRUSTS/ESTATES
- V ☐☐ OTHER: _____

**EQUITABLE/**
**NON-DAMAGE ACTIONS**
- W ☐☐ Declaratory Judgment
- X ☐☐ Injunction: Commercial
- Y ☐☐ Injunction: Employment

- Z ☐☐ Injunction: Other
- 0 ☐☐ Extraordinary Writ
- 1 ☐☐ Other: _____

**STATUTES/RULES**
- 2 ☐☐ Admin. Procedure Act
- 3 ☐☐ Railroad/Seaman (FELA)
- 4 ☐☐ Racketeering (RICO)
- 5 ☐☐ Workmen's Compensati
- 6 ☐☐ Wrongful Death
- 7 ☐☐ Other: _____

**ORIGIN** *(check one):* F ☑INITIAL FILING  R ☐REMANDED  A ☐APPEAL FROM DISTRICT COURT  I ☐REINSTATED OR REOPENED  O ☐OTHER: _____

**HAS JURY TRIAL BEEN DEMANDED?** ☑YES ☐NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, ARCP, for procedure)

**RELIEF REQUESTED:** MONETARY AWARD ☑YES ☐NO

$_____ Compensatory
$_____ Punitive
$_____ Total
☑ Amount not specified

MARK IF APPLICABLE:
- D ☐ DECLARATORY JUDGMENT
- E ☐ INJUNCTION
- W ☐ EXTRAORDINARY WRIT
- P ☐ POSSESSION
- A ☐ ATTORNEY'S FEES
- O ☐ OTHER: _____

Date 6/13/06

Signature of Attorney/Party filing this form ___

## DISPOSITION DATA *(TO BE COMPLETED BY THE COURT)*

DISPOSITION DATE: Month ☐☐ Day ☐☐ Year ☐☐

ADMINISTRATIVE DOCKET: Month ☐☐ Day ☐☐ Year ☐☐

TRIAL BEGUN NO VERDICT: Month ☐☐ Day ☐☐ Year ☐☐

T ☐ TRANSFER TO OTHER CIRCUIT/VENUE CHANGE

NEW VENUE: _____

**DISMISSALS**
- L ☐ Lack of Jurisdiction
- C ☐ Want of Prosecution
- R ☐ Dismissed With Prejudice
- P ☐ Dismissed Without Prejudice
- S ☐ Settled
- X ☐ Other: _____

**JUDGMENT ON**
- F ☐ Default
- A ☐ Consent
- B ☐ Pleadings
- M ☐ Summary Judgment
- J ☐ Jury Verdict
- N ☐ Bench Trial
- V ☐ Directed Verdict
- W ☐ Judgment Notwithstanding the Verdict
- O ☐ Other: _____

**JUDGMENT FOR**
- P ☐ Plaintiff
- D ☐ Defendant
- B ☐ Both

**JUDGE TAKING FINAL ACTION:**
Judge Code ☐☐☐☐

**TRIAL DATES:**
*(If a Jury or Non-Jury trial was held)*

TRIAL BEGAN Month ☐☐ Day ☐☐ Year ☐☐

TRIAL ENDED Month ☐☐ Day ☐☐ Year ☐☐

NUMBER OF TRIAL DAYS ☐☐

**NATURE OF JUDGMENT:** MONETARY AWARD ☐YES ☐NO

$_____ Compensatory
$_____ Punitive
$_____ Total

MARK IF APPLICABLE:
- D ☐ DECLARATORY JUDGMENT ENTERED
- E ☐ INJUNCTION GRANTED
- ☐ EXTRAORDINARY
- P ☐ POSSESSION GRANTED
- A ☐ ATTORNEY'S FEES GRANTE
- O ☐ OTHER: _____

COURT'S ORIGINAL

*4 Defts*

*COURT'S ORIGINAL - RETURN*

*LEAVE STAPLED*

# IN THE CIRCUIT COURT OF CHILTON COUNTY
# AT CLANTON, ALABAMA

STEVE ADAMS,          )

    **Plaintiff,**          )

                    )

**v.**          )     Case No. *CV-06-204B*

                    )

**MERCHANTS FOOD SERVICES,**          )
**DON SUBER, ANDY MERCIER,**          )
**AND HAL HENSON,**          )

                    )

    **Defendants.**          )

## SUMMONS

    To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) of the Alabama Rule of Civil Procedure to effect service.

    You are hereby commanded to serve this summons and a copy of the COMPLAINT in this action upon DEFENDANT: **MERCHANTS FOOD SERVICES, DON SUBER OR ANDY MERCIER OR HAL HENSON, 2450 BIG M BLVD, CLANTON, ALABAMA 35045.**

### NOTICE TO DEFENDANT

    The COMPLAINT which is attached to this summons is important and you must take immediate action to hand deliver a copy of a written Answer, either admitting or denying each allegation in the COMPLAINT to, DERRICK BLYTHE, the lawyer for the Plaintiff, whose address is: 126 MARSHALL STREET, ALEXANDER CITY, ALABAMA 35010.

    THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Dated _6-29-06_

                               _Mike Smith_
                                 Clerk of Court

* * *
## RETURN ON SERVICE

Received this summons at _____ on _____ and on

MERCHANT Food at _____ I served it on the within named

DON SUBER — ANDY by delivering a copy of the process and accompanying document
MARCIA + HAL HENS 2

to him.

Dated _7/10/26___

_____

Process Server Signature

Type of process server_____D-S._____

Address:_____

Telephone No._____

COURT'S ORIGINAL



# IN THE CIRCUIT COURT OF CHILTON COUNTY
## AT CLANTON, ALABAMA

STEVE ADAMS,          )

    Plaintiff,      )

                      )

v.                   )

                      )  Case No. *CV-06-204B*

MERCHANTS FOOD SERVICES,  )
DON SUBER, ANDY MERCIER   )
AND HAL HENSON,             )

                      )

    Defendants.      )

## SUMMONS

To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) of the Alabama Rule of Civil Procedure to effect service.

You are hereby commanded to serve this summons and a copy of the COMPLAINT in this action upon DEFENDANT: **MERCHANTS FOOD SERVICES, DON SUBER OR ANDY MERCIER OR HAL HENSON, 2450 BIG M BLVD, CLANTON, ALABAMA 35045.**

### NOTICE TO DEFENDANT

The COMPLAINT which is attached to this summons is important and you must take immediate action to hand deliver a copy of a written Answer, either admitting or denying each allegation in the COMPLAINT to, DERRICK BLYTHE, the lawyer for the Plaintiff, whose address is: 126 MARSHALL STREET, ALEXANDER CITY, ALABAMA 35010.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Dated 6-29-2006        *Mike Smith*

                      Clerk of Court

COURT'S ORIGINAL - RETURN

\* \* \*

## RETURN ON SERVICE

Received this summons at _____ on _____ and on

_____ at _____ I served it on the within named

_____ by delivering a copy of the process and accompanying document

to him.

Dated_____

\

_____

Process Server Signature

Type of process server_____

Address:_____

Telephone No._____



# IN THE CIRCUIT COURT OF CHILTON COUNTY
## AT CLANTON, ALABAMA

STEVE ADAMS,                    )

    Plaintiff,              )
                     )

v.                              )     Case No. _CV-06-204B_

MERCHANTS FOOD SERVICES,        )
DON SUBER, ANDY MERCIER,        )
AND HAL HENSON,                 )

    Defendants.             )

## SUMMONS

To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) of the Alabama Rule of Civil Procedure to effect service.

You are hereby commanded to serve this summons and a copy of the COMPLAINT in this action upon DEFENDANT: **MERCHANTS FOOD SERVICES, DON SUBER OR ANDY MERCIER OR HAL HENSON, 2450 BIG M BLVD, CLANTON, ALABAMA 35045.**

### NOTICE TO DEFENDANT

The COMPLAINT which is attached to this summons is important and you must take immediate action to hand deliver a copy of a written Answer, either admitting or denying each allegation in the COMPLAINT to, DERRICK BLYTHE, the lawyer for the Plaintiff, whose address is: 126 MARSHALL STREET, ALEXANDER CITY, ALABAMA 35010.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Dated _6-29-06_            _Mike Smith_
                             Clerk of Court

\* \* \*

## RETURN ON SERVICE

Received this summons at _____ on _____ and on

_____ at _____ I served it on the within named

_____ by delivering a copy of the process and accompanying document

to him.

Dated_____

_____
Process Server Signature
Type of process server_____
Address:_____
Telephone No._____

COURT'S ORIGINAL

# IN THE CIRCUIT COURT OF CHILTON COUNTY
## AT CLANTON, ALABAMA

STEVE ADAMS,                         )

    Plaintiff,                     )

v.                                   )

                                Case No.  CV-06-204-B

MERCHANTS FOOD SERVICES,             )
DON SUBER, ANDY MERCIER              )
AND HAL HENSON,                      )
                                     )
    Defendants.                    )

## SUMMONS

    To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) of the Alabama Rule of Civil Procedure to effect service.

    You are hereby commanded to serve this summons and a copy of the COMPLAINT in this action upon DEFENDANT: **MERCHANTS FOOD SERVICES, DON SUBER OR ANDY MERCIER OR HAL HENSON, 2450 BIG M BLVD, CLANTON, ALABAMA 35045.**

### NOTICE TO DEFENDANT

    The COMPLAINT which is attached to this summons is important and you must take immediate action to hand deliver a copy of a written Answer, either admitting or denying each allegation in the COMPLAINT to, DERRICK BLYTHE, the lawyer for the Plaintiff, whose address is: 126 MARSHALL STREET, ALEXANDER CITY, ALABAMA 35010.

    THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Dated _6-29-06_      _Mike Smith_

                        Clerk of Court       7 B

JUN 2006
FILED IN
OFFICE OF
MIKE SMITH
CT CLERK
CHILTON CO.

COURT'S ORIGINAL

COURT'S ORIGINAL - RETUR

\* \* \*

## RETURN ON SERVICE

Received this summons at _____ on _____ and on

_____ at _____ I served it on the within named

_____ by delivering a copy of the process and accompanying document

to him.

Dated_____

_____

Process Server Signature

Type of process server_____

Address:_____

Telephone No._____

# IN THE CIRCUIT COURT OF CHILTON COUNTY
## AT CLANTON, ALABAMA

STEVE ADAMS,                    )
                                )
    Plaintiff,           )
                                )
v.                              )  Case No. *CV-06-204B*
                                )
MERCHANTS FOOD SERVICES,        )
DON SUBER, ANDY MERCIER,        )
AND HAL HENSON,                 )
                                )
    Defendants.          )

## COMPLAINT

COMES NOW the Plaintiff, Steve Adams, who shows unto this Honorable Court the following, to wit:

1.  On or about the 15th day of August, 2004, the Plaintiff was contacted by Defendant Merchants Food Services (herein Defendant Merchants) about possible employment with Defendant Merchants. Defendant Merchants contacted Plaintiff while he was still employed with Sysco Foods.

2.  Defendant Merchants persistently pursued Plaintiff, and Plaintiff finally agreed to an interview once he learned of the potential salary with the new position.

3.  Defendant Hal Henson (herein Defendant Henson), General Manager, Defendant Andy Mercier (herein Defendant Mercier), Corporate Vice President, and Don Suber (herein Defendant Suber), Corporate President, interviewed Plaintiff on or about the 28th day of August, 2004. During the interview, Defendants Henson, Mercier, and Suber made certain representations about certain aspects of the employment to Plaintiff, including, but not limited to, the following:

COURT'S ORIGINAL

COURT'S ORIGINAL - RETURN

a. Plaintiff would only be required to work 8 to 8.5 hours a day or 40 to 42 hours a week;

b. Plaintiff would have flexibility in setting his own hours;

c. Plaintiff would only have to work a few nights on the night shift to get acquainted with that shift and the crew working that shift;

d. Plaintiff would only have to work two (2) Saturdays per year for the purpose of physical inventory, and if Plaintiff did have to work a Saturday for anything other than the purpose of the inventory, he would be compensated with a day off; and

e. Plaintiff was told that he would not have to worry about vacation time at Merchants and that he would not have to wait the usual 12 months before receiving time off, since he was giving up 17 days of vacation a year with his then current employer, Sysco – Defendant Henson told Plaintiff that he would allow him to take vacation time.

4. After an official offer of employment, including salary, was made to Plaintiff, he decided to accept the offer extended by Defendant Merchants, based on the aforementioned representations made by the Defendants to Plaintiff.

5. Once Plaintiff accepted employment with Defendant Merchants and began his tenure there, he learned that the representations that Defendants had made to him during his interview (¶ 3, supra) were false and misleading, as evidenced by, but not limited to, the following:

a. Throughout his 10.5 month employment with Merchants, Plaintiff was required to work 9 to 9.5 hours a day;

b. Plaintiff was not allowed the flexibility of setting his own hours;

c. Throughout his employment with Merchants, Plaintiff worked a total of 10 weeks on the night shift;

d. Throughout his employment with Merchants, Plaintiff was required to work a total of 8 Saturdays (6 more than what Plaintiff was told

during his interview), without being compensated either monetarily
or with any time off from work, as he was promised; and

e.  Throughout his employment with Merchants, Plaintiff was not
allowed any time off, as was promised during his interview.

## COUNT I

6.  Plaintiff hereby adopts those statements contained in the previous
paragraphs and incorporates them herein as though set out in their entirety.

7.  At all times relevant hereto, Defendants had a duty to Plaintiff to speak the
truth regarding his possible employment with Defendant Merchants and the
aforementioned aspects of his employment.

8.  Defendants intentionally, recklessly, and/or innocently made certain false
representations of material existing facts prior to Plaintiff's employment with
Defendant Merchants, in an effort to induce Plaintiff's action on the false
representations.

9.  In fact, Plaintiff did act on the false representations of material existing
facts.

10.  As a proximate result of Defendants' false representations, Plaintiff has
suffered, and continues to suffer, harm, loss, and/or damage.

WHEREFORE, Plaintiff demands judgment against Defendants in an
amount determined by an enlightened trier of fact, plus costs and interest.  In
addition, Plaintiff seeks any other remedies at law or equity that are available to
him but not specifically set out herein.

## COUNT II

11. Plaintiff hereby adopts those statements contained in the previous
paragraphs one through 10 and incorporates them herein as though set out in their
entirety.

12. A confidential relationship and/or special relationship existed between
Plaintiff and Defendants by virtue of the superiority of Defendants' knowledge

concerning the true facts surrounding the inducement of Plaintiff and the truth concerning the aspects of Plaintiff's employment with Defendant Merchants.

13. As a result of this relationship, Defendants had a duty to disclose the aforementioned material facts (¶¶ 3 and 5, supra).

14. As a proximate consequence of the suppression and/or misrepresentation of material facts as alleged and Plaintiff's reliance on such, Plaintiff was caused to suffer pecuniary loss, missed employment opportunities, expenses, and mental anguish.

15. Plaintiff demands punitive damages of the Defendants due to the intentional, reckless, and gross actions and/or omissions of the Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount determined by an enlightened trier of fact, plus costs and interest. In addition, Plaintiff seeks any other remedies at law or equity that are available to him but not specifically set out herein.

DATED this the _____ *13* _____ day of _____ *June* _____, 2006.

_____
Derrick Blythe (BLY002)
Attorney for Plaintiff
126 Marshall Street
Alexander City, Alabama 35010
(256) 234-4101

# IN THE CIRCUIT COURT OF CHILTON COUNTY
## AT CLANTON, ALABAMA

STEVE ADAMS,

     Plaintiff,

v.

MERCHANTS FOOD SERVICES,
DON SUBER, ANDY MERCIER,
AND HAL HENSON,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. _CV-06-204-B_

## **DEMAND FOR JURY TRIAL**

     Please take notice that Plaintiff, STEVE ADAMS, demands trial by jury of all of the issues in this cause.

     DATED this the ___13___ day of ___June___, 2006.

 

                                                

Derrick Blythe [BLY 003]
Attorney for Plaintiff
126 Marshall Street
Alexander City, Alabama 35010
(256) 234-4101

# EXHIBIT

# 2

# MERCHANTS FOODSERVICE
### Serving Your Favorite Restaurants!

Post Office Box 2096
Clanton, AL 35046
(800) 844-0633  Fax: (205) 280-1748

August 20, 2004

Steve Adams
Alexander City, AL

Dear Steve:

I enjoyed having you visit our Clanton Distribution Center and am pleased that you took the time to do so. Without exception, each of the individuals with whom you spoke during your visit feel that you will do very well at Merchants Foodservice. I hope you found your visit interesting and worthwhile, and you were able to gather the information you desired about Merchants Foodservice, our potential and how it matches your individual goals.

I am pleased to extend you an offer to join our company as Operations Manager of the Clanton Distribution Center. Your annualized salary will be $62,500. In addition to your base salary, you will be eligible for up to a 30% bonus based on improving sales and improving current operational and productivity standards. Our incentive program recognizes the personal sacrifice and commitment involved in providing leadership and the necessary supervision to improve on current standards. Bonuses are paid three times a year within 30 days after physical inventory.

The Company offers a benefits program which in addition to the usual holidays, includes vacation days, group health and dental insurance, life insurance, short term and long term disability plan, pension plan and a matching 401(K) plan.

When you combine our starting salary, bonus program and benefits package, I think you'll agree we offer a very attractive financial package.

We are very interested in having you join us for what we hope will be a long and successful career. Your future professional development should parallel with the development and expansion of Merchants Foodservice.



**MERCHANTS FOODSERVICE**

*Serving Your Favorite Restaurants!*

Mr. Steve Adams
August 20, 2004
Page Two

Post Office Box 2096
Clanton, AL 35046
(800) 844-0633  Fax: (205) 280-1748

As you consider this offer, keep in mind that Merchants Foodservice is a family owned company offering you a personal relationship with your employer while offering the growth of a much larger corporation.

Steve, I sincerely hope you will decide to join us and look forward to hearing from you in the near future regarding your decision. If you have any further questions or desire additional information about Merchants Foodservice or the benefits we offer, please call me at (205) 280-1710.

Very truly yours,

MERCHANTS FOODSERVICE


Hal Henson
General Manager
Clanton Distribution Center


HH/mra


**TO INDICATE ACCEPTANCE** of our offer, please sign and date the attached copy of this letter and return in the enclosed envelope.

I accept your offer as outlined above.

_____
STEVE ADAMS

8-23-04
_____
DATE

# EXHIBIT

3

**DERRICK BLYTHE**
Attorney at Law
126 Marshall Street
Alexander City, AL 35010

———

Phone (256) 234-4101
Fax (256) 234-2044

December 22, 2005

Merchants Food Service
Attn.: Andy Marcier
1450 Big M Blvd.
Clanton, Alabama 35046

In re:  Steve Adams
        Date of Loss:  August of 2004

Dear Mr. Marcier:

My office has been retained to represent Mr. Adams in his claim against your company. If you will recall, in August of 2004, your company and/or representatives thereof contacted Mr. Adams concerning potential employment. During the interview process and prior to employment, certain promises and representations were made regarding the job, the work conditions, and the duties and responsibilities of said employment. The facts were totally erroneous and misleading to the point that they constituted fraud. As a result, my client was caused to quit his previous job of some years and loose a substantial salary in addition to other incidental and consequential damages. We, therefore, demand $250,000.00 in settlement of this claim. To avoid immediate legal action, please contact this office within 10 days or have your liability insurance carrier do the same.

Feel free to contact my office with any questions. Your prompt attention to this matter will be appreciated.

Thank You,

Derrick Blythe

rb

# EXHIBIT

# 4

# IN THE CIRCUIT COURT
## OF CHILTON COUNTY, ALABAMA

STEVE ADAMS,

    Plaintiff,

v.

MERCHANTS FOODSERVICE,
DON SUBER, ANDY MERCIER,
And HAL HENSON,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case Number: CV-06-204B

2006 AUG -9 P 1: 33

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## NOTICE OF FILING NOTICE OF REMOVAL

**TO CLERK:**        **Clerk, Circuit Court of Chilton County**
**Courthouse**
**Post Office Box 1946**
**Clanton, AL 35046-1946**

Please take notice that defendant Merchants Foodservice filed its Notice of Removal,

a copy of which is attached hereto, in the office of the Clerk of the United States District

Court for the Middle District of Alabama, Northern division on August 9, 2006.

Respectfully submitted,

Thomas A. Davis (Bar No.: DAV094)
Direct Dial No.: (205) 226-5465
J. Tobias Dykes (Bar No.: DYK002)
Direct Dial No.: (205) 226-5469
CONSTANGY, BROOKS & SMITH, LLC
Suite 900, One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Facsimile:    (205) 323-7674

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following counsel of record by placing a copy of the same in the U. S. Mail postage prepaid, addressed as follows:

Derrick Blythe, Esq.
126 Marshall Street
Alexander City, AL 35010

This the 9th day of August, 2006.

J. Tobias Dykes