IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVE ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:06-cv-00707-ID-CSC |
| | ) |
| MERCHANTS FOODSERVICE, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT MERCHANTS FOODSERVICE'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Merchants Foodservice, improperly referred to in the Complaint as Merchants Food Services, answers plaintiff's Complaint as follows:

1. Defendant admits that it had contact with plaintiff on or about August 15, 2004 regarding his working for defendant. Defendant further admits that plaintiff worked for Sysco Foods. Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

2. Defendant admits that plaintiff interviewed for a job with Merchants Foodservice. Defendant denies the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendant admits that plaintiff interviewed with Hal Henson, Andy Mercier, and Don Suber on or about August 28, 2004. Defendant denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Defendant admits that plaintiff accepted an offer of employment with defendant. Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint. Defendant further denies that any false representations were made to plaintiff.

## COUNT I

6. Defendant adopts and reasserts its answers to paragraphs 1 through 5.

7. Defendant denies that it breached any alleged duty it owed to plaintiff. Defendant further denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint. Defendant further denies that plaintiff suffered any damages.

## COUNT II

11. Defendant adopts and reasserts its answers to paragraphs 1 through 10.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint. Defendant further denies that plaintiff suffered any damages.

## PRAYER FOR RELIEF

The remainder of the Complaint contains a prayer for relief which requires neither admission nor denial. To the extent the prayer for relief is construed to allege some wrongful or fraudulent conduct, said construction is denied. Defendant further denies that plaintiff is entitled to any relief herein.

Defendant further asserts the following additional defenses:

## ADDITIONAL DEFENSES

## FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiff's claims are barred by the applicable statute[s] of limitations.

### THIRD ADDITIONAL DEFENSE

All, or part, of plaintiff's claims are barred by the doctrines of estoppel, waiver, and unclean hands.

### FOURTH ADDITIONAL DEFENSE

Defendant denies it has been guilty of any conduct which entitles plaintiff to recover punitive damages.

### FIFTH ADDITIONAL DEFENSE

Defendant avers that the Complaint fails to state a claim on which punitive damages may be awarded to plaintiff.

### SIXTH ADDITIONAL DEFENSE

Defendant avers that any award of punitive damages to plaintiff in this case would be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama and under the Constitution of the United States of America.

### SEVENTH ADDITIONAL DEFENSE

The Complaint fails to state a claim for punitive damages under Ala. Code §§ 6-11-20 to 6-11-30, 1975, and is barred.

### EIGHTH ADDITIONAL DEFENSE

To the extent a jury finds defendant liable for punitive damages, any such award must comply with the provisions of Ala. Code § 6-11-21.

## NINTH ADDITIONAL DEFENSE

To the extent plaintiff has failed to mitigate his damages, he is barred from recovering from defendant.

## TENTH ADDITIONAL DEFENSE

Plaintiff's fraud claim is due to be dismissed because plaintiff did not state the averments of alleged fraud or the circumstances constituting the alleged fraud with particularity.

## ELEVENTH ADDITIONAL DEFENSE

The relationship of the parties is governed by a written agreement, and the plaintiff may not alter said written agreement by parole evidence.

## TWELFTH ADDITIONAL DEFENSE

Plaintiff did not reasonably rely on any statements or actions of defendant.

Wherefore having fully answered plaintiff's Complaint, defendant requests that plaintiff's Complaint be dismissed and that defendant be awarded attorneys' fees herein plus any such general and equitable relief as this Court deems just and appropriate.

Respectfully submitted,

*/s/Thomas A. Davis*
Thomas A. Davis (ASB-5877-S56T)
E-mail: tdavis@constangy.com
Direct Dial No.: (205) 226-5465

*/s/J. Tobias Dykes*
J. Tobias Dykes (ASB-0483-E66J)
E-mail: tdykes@constangy.com
Direct Dial No.: (205) 226-5469
CONSTANGY, BROOKS & SMITH, LLC
Suite 900, One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Facsimile:   (205) 323-7674

**Attorneys for Merchants Foodservice**

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2006, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

Derrick Blythe, Esq.
126 Marshall Street
Alexander City, AL 35010

*/s/Thomas A. Davis*
Thomas A. Davis