# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| STEVE ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:06-cv-00707-ID-CSC |
| | ) | |
| MERCHANTS FOODSERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT MERCHANTS FOODSERVICE'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Steve Adams ("plaintiff") filed this lawsuit against defendant Merchants Foodservice ("Merchants Foodservice" or "defendant"), alleging that defendant fraudulently induced him to accept a job with Merchants Foodservice as Operations Manager.[1]  Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant moves this Court for summary judgment on all claims asserted by plaintiff for the following reasons:

---

[1] In his initial complaint, filed in the Circuit Court of Chilton County, plaintiff named Don Suber, Andy Mercier, and Hal Henson as defendants.  However, plaintiff did not properly serve Suber and Mercier pursuant to Rule 4(c)(1) of the Alabama Rules of Civil Procedure; and plaintiff did not serve Henson with the Complaint at all.  Defendant Merchants Foodservice removed the Complaint to this Court on August 9, 2006, and plaintiff has not made any efforts to properly serve Suber or Mercier or to serve Henson. Because well over 120 days have passed since defendant Merchants Foodservice removed plaintiff's complaint to federal court, any claims against Suber, Mercier, and Henson are due to be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

1.     Plaintiff cannot establish a *prima facie* of fraudulent misrepresentation because he cannot show any that any false statements were made, that he reasonably relied on any alleged false statements, or that any statements were made with an intent to deceive him.

2.     Plaintiff's allegations regarding his work hours, his schedule, his night shift work, his vacation, and his Saturday work are also claims of promissory fraud, and plaintiff cannot prove a prima facie case of promissory fraud because there is no evidence that any statements were made with the intent to deceive plaintiff.

3.     Additionally, any claims made by plaintiff regarding Merchants Foodservice being a family oriented company or the workforce also fail because the statements were mere "puffery."

4.     Further, plaintiff cannot establish a *prima facie* case of fraudulent suppression because he cannot establish that a material fact was suppressed or a duty to disclose.

In support of its Motion for Summary Judgment, defendant submits the following:

1.     Plaintiff's deposition, with attached exhibits;

2.     Declaration of Andy Mercier, with attached exhibits;

3.     Declaration of Scott Casey;

4.    Declaration of Hal Henson; and

5.    Defendant's brief.

Therefore, based on the evidentiary submissions and the arguments in Defendant's Brief in Support of its Motion for Summary Judgment, defendant respectfully requests that this Court grant summary judgment as to all of plaintiff's claims.

Respectfully Submitted,

*/s/ J. Tobias Dykes*
J. Tobias Dykes (Bar No.: DYK002)
Direct Dial No.: (205) 226-5469
CONSTANGY, BROOKS & SMITH, LLC
Suite 900, One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Facsimile:    (205) 323-7674

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Derrick Blythe, Esq.
126 Marshall Street
Alexander City, AL 35010

This 28th day of June 2007.

*/s/ J. Tobias Dykes*
J. Tobias Dykes