IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVE ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:06-cv-00707-ID-CSC |
| ) | |
| MERCHANTS FOODSERVICE, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MERCHANTS FOODSERVICE'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff's opposition to defendant Merchants Foodservice's Motion for Summary Judgment is filled with supposition and conjecture. However, Rule 56(e) of the Federal Rules of Civil Procedure provides, in part, that:

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. . . .

Plaintiff's opposition to summary judgment fails to set forth specific facts showing that there is a genuine issue for trial. As a result, defendant's Motion for Summary Judgment is due to be granted.

231638.1

A.    **Plaintiff's Working Conditions Claims Fail**[1]

Plaintiff's allegations regarding his work hours, his schedule, his night shift work, his vacation, and his Saturday work are claims of promissory fraud because they relate to his future working conditions.

Plaintiff provides no argument or support that his reliance on the alleged misrepresentations was **reasonable** or to rebut defendant's showing that any reliance was not reasonable.  In fact, it is not reasonable for an employee to accept a job with more responsibility and a higher salary and believe that he will not have to work more hours.  It is not reasonable for an employee to accept a job in which he is in charge of the night shift and believe that he will not have to work nights.  It is not reasonable for an employee to think he can take vacation whenever he wants, without consideration of business needs. It is not reasonable for plaintiff to think he simply has to maintain the "status quo" to obtain his full bonus when his offer letter provides that he could "be eligible for up to a 30 percent bonus based on improving sales and improving current operational and

---

[1] Merchants Foodservice disputes that any misrepresentations were made to plaintiff.  In his opposition and supporting affidavit, plaintiff indicates that the alleged misrepresentations were made by Henson, Mercier, and Suber.  However, in his deposition, plaintiff testified that, with the exception of statements made by Suber and Mercier about the company being family oriented, all of the alleged misrepresentations were made by Henson. (Pl. Depo. p. 78, lines 11-23, p. 79, lines 1-3; p. 81, lines 7-23, p. 82, line 1; p. 98, lines 7-23, p. 99, lines 1-18).

231638.1                                2

productivity standards.[2]" (Pl. Depo. p. 115, lines 19-22 & Exh. 7). As such, plaintiff's fraudulent misrepresentation claims regarding his working conditions are due to be dismissed because he did not reasonably rely on any alleged misrepresentations.

Moreover, plaintiff has offered conjecture as to what Merchants Foodservice knew when the alleged misrepresentations were made. Simply stating what "defendants knew" without offering any evidentiary support does not create a genuine issue of fact regarding whether Merchants Foodservice intended to deceive the plaintiff, which must be shown to prove promissory fraud. See Jabour v. Aetna U.S. Healthcare, Inc., No. CIV. A. 98-D-900-N, 2000 WL 303639, at *7 (M.D. Ala. Feb. 15, 2000). The uncontradicted evidence is that three events occurred that Henson had not anticipated when he interviewed plaintiff for the job: (1) the night supervisor was discharged and the night manager resigned; (2) the facility had to undergo a YUM audit; and (3) plaintiff began reporting to Scott Casey, who required all managers to work longer hours and more nights. (Henson Dec. ¶¶ 10-13; Casey Dec. ¶¶ 2-6). These changes resulted in an increased workload, longer hours, more Saturday work to prepare for the

---

[2] Plaintiff was paid $62,500 a year and admits that he was eligible for a 30% bonus, which is what he was told in his interview and offer letter. (Pl. Depo. p. 89, lines 15-20; p. 111, lines 19-23). As such, any claims regarding his pay or bonuses fail.

231638.1                                             3

audit, and fewer vacation opportunities. (Henson Dec. ¶ 14). Therefore, plaintiff has not shown that Merchants Foodservice had an intent to defraud him when the alleged misrepresentations were made.

**B.  Plaintiff's Claims Regarding the Workforce Fail**

Plaintiff also claims that Henson told him that they had a great workforce, including a great day shift, an excellent night shift, and a good core group of drivers. (Pl. Depo. p. 81, lines 9-23, p. 82, line 1). First, plaintiff does not address and does not dispute that any statements made by Henson regarding the workforce were puffery and did not constitute fraud. Additionally, plaintiff again fails to offer evidentiary support for his statements regarding what Merchants Foodservice's intent was and why the alleged statements were false. Plaintiff cannot create an issue of fact by conjecture. Instead, plaintiff must offer evidence to support his positions, and he has not done so.

Most importantly, Henson's statements regarding the workforce were not false. Henson believed he had a good workforce; and, while there was significant turnover, he had a good core of hourly employees in the warehouse and drivers on whom he relied. (Henson Dec. ¶ 7). Further, the night shift, along with the other shifts, had all the pieces in place but needed the glue to hold them together, which is what Henson told plaintiff. (Henson

Dec. ¶ 7; Pl. Depo. p. 101, lines 8-16). As such, plaintiff's claim regarding the work force is due to be dismissed.

### C. Any Claims Regarding Merchants Foodservice Being Family Oriented Are Due to Be Dismissed

Plaintiff claims that Mercier misrepresented to him that Merchants Foodservice was family oriented. Plaintiff does not dispute that Mercier views Merchants Foodservice as family oriented. (Pl. Depo. p. 97, lines 6-15; p. 98, lines 11-14; Mercier Dec. ¶ 3). Instead, plaintiff disagrees with what "family oriented" means to Mercier; but simply disagreeing with what Mercier meant by "family oriented" does not show fraud. Plaintiff attempts to argue that Mercier made statements to plaintiff about Merchants Foodservice being family oriented because Mercier knew the effect those statements would have on plaintiff. However, again, plaintiff offers no evidence to support his arguments and simply relies on unsupported conjecture. Further, any statement that Merchants Foodservice is family oriented is opinion and/or puffery and cannot form the basis of a fraud claim.

### D. Plaintiff's Fraudulent Suppression Claim Fails

Plaintiff claims that Merchants Foodservice fraudulently suppressed the condition of the equipment, the condition of the warehouse, and his ability to discipline. (Pl. Depo. p. 167, lines 2-15; p. 212, lines 1-10; p. 213,

lines 5-20). Plaintiff's primary argument in support of his fraudulent suppression claim is that he was not allowed to tour the facility during his interview. However, plaintiff admits that, when he requested a warehouse tour, Henson told him he did not want him to tour the facility because no announcement had been made regarding the company's intent to hire a replacement for the director of operations. (Pl. Depo. p. 91, lines 3-13). Plaintiff has offered no evidence to contradict Henson's statement. Instead, plaintiff claims that the refusal was "done in an attempt to conceal the defective conditions . . . ." (Pl. Brief p. 12). However, plaintiff cites no authority for his conjecture and offers no evidence to support his arguments. In fact, plaintiff concedes that he never asked to go back another time to take a tour of the warehouse and has no explanation for not making such a request. (Pl. Depo. p. 91, lines 20-23, p. 92, lines 1-2). Had touring the facility been important to plaintiff he could have asked again or refused to accept the job without first seeing the facility. Plaintiff took no such action, and his fraudulent suppression claim is due to be dismissed.

E.   **The Individual Defendants Should Be Dismissed**

In footnote 1 of his opposition, plaintiff argues that the individual defendants were properly served by taking a statement made by defendant in its Notice of Removal out of context. While a summons dated July 10,

2006, does seem to indicate that the individual defendants were served with the complaint, (see Notice of Removal, Ex. 1, p. 4), the service was not proper pursuant to Rule 4(c)(1) of the Alabama Rules of Civil Procedure because the individuals were not served at their residence nor was an agent served on their behalf.  Further, plaintiff has offered no evidence that any of the defendants were personally served with the Complaint on July 10, 2006, because there is no evidence any of the defendants were at the Clanton facility on or about July 10, 2006.[3]  In fact, Henson no longer worked for the company or lived in Alabama at that time; and Suber and Mercier both lived in Mississippi at that time.

Defendant Merchants Foodservice removed the Complaint to this Court on August 9, 2006, and plaintiff has not made any efforts to properly serve Suber or Mercier or to serve Henson.  Because well over 120 days have passed since defendant Merchants Foodservice removed plaintiff's complaint to federal court, any claims against Suber, Mercier, and Henson are due to be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

---

[3] Footnote 1 to the Notice of Removal contains a typographical error by referring to the summons as indicating service on "June 10, 2006."  That is an impossibility, as the suit was not even filed until June 29, 2006.

## **CONCLUSION**

Plaintiff accepted a job with Merchants Foodservice that resulted in an instant promotion and increase in pay.  Unfortunately, plaintiff was not willing to accept the increased workload and responsibilities that came with the promotion.  Therefore, plaintiff resigned his employment and filed this lawsuit alleging that he was fraudulently induced to accept the job with Merchants Foodservice.  Plaintiff has failed to offer evidence of any fraudulent conduct by defendant.  Instead, plaintiff has offered conjecture and supposition; but such do not create issues of material fact.  Accordingly, for the reasons discussed above and for the reasons discussed in defendant's opening brief in support of its Motion for Summary Judgment, defendant Merchants Foodservice respectfully requests that the Court grant its Motion for Summary Judgment and dismiss plaintiff's claims with prejudice.

        Respectfully Submitted,

        */s/ J. Tobias Dykes*
        J. Tobias Dykes (Bar No.: DYK002)
        Direct Dial No.: (205) 226-5469
        CONSTANGY, BROOKS & SMITH, LLC
        Suite 900, One Federal Place
        1819 Fifth Avenue North
        Birmingham, AL 35203
        Facsimile:   (205) 323-7674

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Derrick Blythe, Esq.
126 Marshall Street
Alexander City, AL 35010

This 27th day of July 2007.

                */s/ J. Tobias Dykes*
                J. Tobias Dykes