# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| STEVE ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:06-cv-00707-ID-CSC |
| ) | |
| MERCHANTS FOODSERVICE, et al., ) | |
| ) | |
| Defendants. ) | |

## JOINT MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), plaintiff Steve Adams and defendant Merchants Foodservice seek the entry of a Protective Order in this case. The grounds for this motion are as follows:

1. Plaintiff Steve Adams' requests for production and interrogatories seek confidential business information and confidential employee personnel files and information.

2. The parties have attached as Exhibit 1 a proposed Protective Order and request that the Court enter it to protect the confidential nature of the information described therein.

Based on the foregoing, the parties respectfully request that the Court enter the Protective Order attached hereto as Exhibit 1.

                                        Respectfully submitted,

| ATTORNEY FOR PLAINTIFF: | ATTORNEY FOR DEFENDANT: |
|---|---|
| */s/ Derrick Blythe* | */s/ J. Tobias Dykes* |
| Derrick Blythe, Esq.<br>126 Marshall Street<br>Alexander City, Alabama  35010 | J. Tobias Dykes<br>CONSTANGY, BROOKS & SMITH, LLC<br>Suite 900, One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, AL 35203 |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| STEVE ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:06-cv-00707-ID-CSC |
| MERCHANTS FOODSERVICE, et al., ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

The parties having jointly moved, pursuant to Federal Rule of Civil Procedure 26(c), for an order protecting the confidentiality of documents and other information produced or provided during the course of discovery in this action, and upon good cause shown:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. For the purposes of this Protective Order, "protected documents" shall include all business materials produced and marked "Confidential" by Defendant Merchants Foodservice, Inc. ("Merchant Foodservices" or "defendant") in response to plaintiff's Interrogatories and Request For Production, except documents disclosed to third parties under circumstances such that disclosure was not confidential, which shall not constitute "protected documents."

257295.1

2. For the purposes of this Protective Order, "protected documents" shall include, but are not limited to, the confidential employment records or information pertaining to Merchants Foodservice.

3. Unless the parties otherwise agree in writing and subject to further Order of this Court, all protected documents produced by Merchants Foodservice in response to the other party's discovery requests shall be retained by counsel and the plaintiff in strict confidence as provided by the terms of this Protective Order.

4. Except as otherwise permitted by the terms of this Protective Order, no person shall be permitted to examine or copy protected documents, and counsel (including agents, staff, and employees of counsel) shall not communicate (orally or in writing) protected information or the contents of protected documents and shall not distribute or otherwise disseminate protected information or any of the data contained in protected documents to any other person, firm, or corporation.

5. Protected documents, copies thereof, or protected information may be disclosed to a deponent during the course of the taking of his or her deposition only if, during the deposition and prior to the disclosure of such protected document or information to the deponent, counsel provides the deponent with a copy of this Protective Order and advises the deponent that a Protective Order has been entered by the Court in this lawsuit for the purpose of protecting the confidentiality of Merchants Foodservice's business information as described in this Order.

6.  Counsel may use protected documents or information as evidence in any pretrial document or hearing in this case, but, if protected documents are introduced as evidence, such protected documents shall be filed and retained under seal and shall not be made a part of the public record in this action.

7.  Counsel may use protected documents at trial or information contained therein as evidence at trial without restriction.

8.  If counsel desires examination of protected documents by a consulting expert or an expert witness in preparation for the trial of this case, counsel shall obtain a statement executed by such person stating that he or she has read, understands, and agrees to be bound by the terms of this Protective Order.

9.  Counsel may also review the document with the plaintiff and/or representative of the defendant and prospective witnesses subject to the same stipulations regarding confidentiality as outlined in paragraph five.

10. The confidentiality provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom; and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

11. Counsel, at the conclusion of this action, shall return to counsel for the other party all protected documents and materials produced, together with all duplicates, copies, reproductions, and reprints thereof (except for those containing

any notes, comments, highlighting, or work product-type delineations made by counsel or counsel's staff).

    12.    The parties agree to negotiate in good faith any disagreements about the confidentiality of the information produced prior to submitting the disagreement to the Court.

    Dated this the \_\_\_\_ of _____, 2007.

_____
UNITED STATES DISTRICT COURT JUDGE