UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVE ADAMS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) CIVIL ACTION NO.: 2:06cv707-ID |
| vs. | ) |
| | ) |
| MERCHANTS FOODSERVICE, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**CONSENT PROTECTIVE ORDER**

Now pending before the court is the parties' joint motion for a protective order (doc. # 21). Upon consideration of the motion, and for good cause, it is

ORDERED that the motion for a protective order (doc. # 21) be and is hereby GRANTED.

It is further ORDERED as follows:

1.    For the purposes of this Protective Order, "protected documents" shall include all business materials produced and marked "Confidential" by Defendant Merchants Foodservice, Inc. ("Merchant Foodservices" or "defendant") in response to plaintiff's Interrogatories and Request For Production, except documents disclosed to third parties under circumstances such that disclosure was not confidential, which shall not constitute "protected documents."

2.    For the purposes of this Protective Order, "protected documents" shall include, but are not limited to, the confidential employment records or information pertaining to Merchants Foodservice.

3. Unless the parties otherwise agree in writing and subject to further Order of this Court, all protected documents produced by Merchants Foodservice in response to the other party's discovery requests shall be retained by counsel and the plaintiff in strict confidence as provided by the terms of this Protective Order.

4. Except as otherwise permitted by the terms of this Protective Order, no person shall be permitted to examine or copy protected documents, and counsel (including agents, staff, and employees of counsel) shall not communicate (orally or in writing) protected information or the contents of protected documents and shall not distribute or otherwise disseminate protected information or any of the data contained in protected documents to any other person, firm, or corporation.

5. Protected documents, copies thereof, or protected information may be disclosed to a deponent during the course of the taking of his or her deposition only if, during the deposition and prior to the disclosure of such protected document or information to the deponent, counsel provides the deponent with a copy of this Protective Order and advises the deponent that a Protective Order has been entered by the Court in this lawsuit for the purpose of protecting the confidentiality of Merchants Foodservice's business information as described in this Order.

6. Counsel may use protected documents or information as evidence in any pretrial document or hearing in this case, but, if protected documents are introduced as evidence, such protected documents shall be filed and retained under seal and shall not be made a part of the public record in this action.

7. Counsel may use protected documents at trial or information contained therein as evidence at trial without restriction.

8. If counsel desires examination of protected documents by a consulting expert or an expert witness in preparation for the trial of this case, counsel shall obtain a statement executed by such person stating that he or she has read, understands, and agrees to be bound by the terms of this Protective Order.

9. Counsel may also review the document with the plaintiff and/or representative of the defendant and prospective witnesses subject to the same stipulations regarding confidentiality as outlined in paragraph five.

10. The confidentiality provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom; and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. Counsel, at the conclusion of this action, shall return to counsel for the other party all protected documents and materials produced, together with all duplicates, copies, reproductions, and reprints thereof (except for those containing any notes, comments, highlighting, or work product-type delineations made by counsel or counsel's staff).

The parties agree to negotiate in good faith any disagreements about the confidentiality of the information produced prior to submitting the disagreement to the Court.

Done this 20th day of September, 2007.

                                                          /s/Charles S. Coody
                                                      CHARLES S. COODY
                                                      CHIEF UNITED STATES MAGISTRATE JUDGE